# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DEBY L. PEACE,                                      )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )
                                                    ) No. 09-0071-CV-W-FJG
TIME INSURANCE COMPANY, et al.,                     )
                                                    )
                    Defendants.                     )

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 3).

## I.      Background

Plaintiff filed her lawsuit in Jackson County Circuit Court on August 13, 2008. Plaintiff generally alleges that she had purchased a health insurance policy from defendant Kamil E. Jabara, and following that purchase, defendants failed to pay certain medical bills and expenses in excess of $235,000. Plaintiff alleges causes of action for (1) breach of insurance contract as to defendant Time Insurance Company and Assurant Health; (2) declaratory judgment as to defendant Time Insurance Company; and (3) misrepresentation as to all defendants. Plaintiff is a Missouri resident. Defendants Time Insurance Company and Don Sepulveda are residents of Wisconsin and Georgia, respectively.[1] Kamil Jabara, on the other hand, was a resident of the state of Missouri, and therefore diversity of citizenship did not exist at the time of the filing of this lawsuit.

On or about September 9, 2008, Mr. Jabara died. A suggestion of death was filed in Jackson County Circuit Court on September 26, 2008. Missouri Supreme Court Rule 52.13(a) provides that unless a motion for substitution of the proper party is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the

---

[1]Defendant Time Insurance Company asserts that Assurant Health is not properly named as a defendant, as Assurant Health is a brand name used for products underwritten and issued by Time Insurance Company.

deceased party without prejudice. Thus, plaintiff had until Friday, December 26, 2008, to file a motion for substitution.

On November 12, 2008, plaintiff filed a motion for substitution, seeking to substitute Mary S. Jabara (Kamil Jabara's wife) as defendant in this action. On November 26, 2008, it appears that Mary Jabara opened a small estate as to Kamil Jabara pursuant to a small estate affidavit. See Doc. No. 1, Ex. A-24. Defendant Time Insurance Company filed a motion to strike the motion for substitution on November 26, 2008 (making arguments about the technical sufficiency of the motion). The motion to strike was denied on December 18, 2008. Before the motion for substitution had been ruled upon (on December 29, 2008, just a few days after the 90 day deadline for filing a motion for substitution had passed), Mary S. Jabara moved for an order dismissing plaintiff's claims against her, arguing that she is not the personal representative for the estate of Kamil Jabara and is not the appropriate defendant in this action. Defendant Time Insurance Company also filed suggestions in opposition to plaintiff's motion for substitution on January 7, 2009, arguing that plaintiff failed to timely serve a valid motion for substitution within the ninety-day limit (given that Mary Jabara is not the personal representative for the estate). Mary Jabara filed similar suggestions in opposition to the motion for substitution on January 9, 2009. On January 9, 2009, Patricia Biere petitioned as the personal representative of Kamil Jabara's estate, and on January 12, 2009, Mary Jabara dismissed the small estate. On January 12, 2009, plaintiff filed reply suggestions to the motion for substitution, requesting that plaintiff's motion for substitution be amended to substitute Patricia Biere as the lawful successor or representative of decedent, or alternatively that plaintiff be permitted to amend its motion for substitution and the parties hold a new hearing with respect to those issues.

A hearing on the original motion for substitution was held on January 13, 2009. Judge Messina issued an order on Friday, January 23, 2009, finding plaintiff's motion for substitution of Mary Jabara to be moot. The court granted plaintiff leave to amend her motion for substitution, directing plaintiff to file her amended motion for substitution on or

before February 1, 2009.[2]   The court further granted defendant's motion to dismiss, and Count III of the petition was dismissed as to Defendant Mary Jabara.  Despite a searching review of the record below, the Court can find no evidence that Count III of the petition was dismissed pursuant to Rule 52.13(a) as to Defendant Kamil Jabara.

On Tuesday, January 27, 2009, Defendant Time Insurance Company filed its notice of removal, indicating that no presently named defendant is a citizen or resident of Missouri.  Defendant states that Kamil Jabara was a Missouri resident, but that he is no longer a party to this lawsuit.[3]  Defendant asserts that, in open Court on January 13, 2009, plaintiff abandoned her motion to substitute Mary A. Jabara and sought leave to amend the motion to substitute.  Defendant asserts that in the January 23, 2009 Order, plaintiff's motion to substitute Mary A. Jabara was denied[4], and plaintiff was given leave to file an amended motion to substitute and has not done so.[5]  Defendant asserts that, as of the date of this filing, no defendant is a citizen or resident of the state of Missouri.  Defendant states that this removal was timely filed as it was filed within thirty days of the Court's January 23, 2009 Order from which it was first ascertained that the case was removable.

## II.    Motion to Remand

On January 29, 2009, plaintiff filed a motion to remand (Doc. No. 3).  Plaintiff indicates her belief that this case is not removable, noting that she timely filed her motion for substitution in accord with the Rules and standard forms.  Plaintiff notes that Mary

---

[2]Presumably, plaintiff intended to file a motion for substitution of Patricia Biere for Mr. Jabara.

[3]This assertion does not appear to be accurate; the claims against Kamil Jabara have not been dismissed by order of the Missouri courts; only the claims as to Mary Jabara have been dismissed.  Furthermore, Plaintiff did not file an amended complaint that omits the name of Kamil Jabara.

[4]This assertion is somewhat misleading; Judge Messina did not deny the motion to substitute, and instead found that motion to be moot.

[5]Again, defendant's assertion is somewhat misleading.  Plaintiff was given until February 1, 2009, to file such a motion, and defendant's removal petition was filed before the expiration of that deadline.

3

Jabara had opened a small estate, and Patricia Biere did not petition to be personal representative of the estate until January 9, 2009.  Plaintiff notes that there is no diversity between plaintiff and Patricia Biere (according to the docket for Case No. 08PS-PR03237-01, attached as Exhibit B to Doc. No. 3, Ms. Biere is a resident of St. Louis, Missouri).[6] Plaintiff attaches to her motion to remand Judge Messina's Order granting plaintiff leave to amend her motion for substitution, and plaintiff states that the amended motion was filed on January 29, 2009.[7]   Plaintiff's counsel indicates that he made extensive attempts following January 13, 2009, to arrange a hearing date with Judge Messina with respect to the amended motion for substitution of Patricia Biere.  Plaintiff asserts that she did not abandon the motion to substitute, given that plaintiff requested the court allow her to file an amended motion for substitution, and the court granted the motion to amend the motion to substitute.

Plaintiff indicates the case is not removable under two alternate theories: (1) there is still a pending motion for substitution in the state court, and therefore the parties are not diverse; and (2) defendant's removal is untimely, and should have been filed 30 days after the suggestions of death were filed.

Defendant Time Insurance Company responds to plaintiff's motion, indicating that (1) the court generally cannot consider post-removal pleadings in determining whether removal was proper at the time of removal (see Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *3 (W.D.Mo. Sept. 26, 2005)); (2) plaintiff "abandoned" her motion to substitute Mary Jabara for decedent, and once a plaintiff voluntarily dismisses,

---

[6]The Court believes Ms. Biere's citizenship is irrelevant.  28 U.S.C. § 1332(c)(2) provides that the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent.  Decedent was a resident of Missouri; thus, if Ms. Biere was substituted as the legal representative of Mr. Jabara's estate, she would be deemed a resident of a state of Missouri.

[7] Notably, plaintiff's amended motion for substitution was purportedly filed in the Circuit Court two days after this case had been removed to this Court; thus, this motion cannot be considered by this Court given that the Circuit Court does not have jurisdiction after removal.

4

discontinues or abandons an action against a non-diverse defendant, the remaining diverse defendant(s) may remove the case; and (3) defendant timely filed its removal petition, see Foster v. A.H. Robins Co., Inc., 61 F.Supp. 2d 1121, 1123 (D. Haw. 1999)(finding, in a similar fact pattern, that the 30-day period for removal "more appropriately commences with the filing of either an amended complaint, a notice of voluntary dismissal, or an order granting dismissal by the Court.")

Although neither of plaintiff's alternate theories in her motion to remand are availing[8], the Court finds that it lacks jurisdiction and the case must be remanded. In particular, the Court finds that the Jackson County Circuit Court's Order did not dismiss or otherwise extinguish the claims against decedent Kamil Jabara. Instead, the Order only dismisses claims as to Mary Jabara. Further, the Jackson County Circuit Court's Order allows plaintiff to file an amended motion for substitution, something which would make no sense if the claims against decedent Kamil Jabara had been dismissed pursuant to Rule 52.13(a). The Court cannot say, based on the record below, that plaintiff had "abandoned" her claims against decedent Kamil Jabara. As the claims against a non-diverse defendant remained pending on the date of the removal of this action, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332.[9]

Accordingly, Plaintiff's motion to remand (Doc. No. 3) is GRANTED. This case is REMANDED to the Circuit Court of Jackson County, Missouri, at Kansas City. The Clerk

---

[8]Notably, the Court cannot consider post-removal pleadings filed in the state court action. Additionally, defendant could not have petitioned for removal 30 days after the filing of the suggestion of death for the reasons stated in defendant's response (Doc. No. 7).

[9]Furthermore, to the extent that defendant Time Insurance Company is arguing that the 90-day deadline has passed and plaintiff's attempt to amend her motion for substitution is too late (and that the state court is without jurisdiction to extend that deadline), the Court notes that the facts of the present matter are similar to those in Griffin v. Miller, 899 S.W.2d 930, 933-34 (Mo. App. W.D. 1995)(finding motion to amend timely, where a second motion for substitution was filed after the 90 day deadline, given that the first motion was timely filed and the second motion sought to amend the initial motion to reflect the death of one successor and second motion related back in that it did not attempt to add additional claims or change the substance of the claims).

Case 4:09-cv-00071-FJG   Document 16   Filed 03/24/09   Page 5 of 6

of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   3/24/09
Kansas City, Missouri