# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEBY L. PEACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 09-0071-CV-W-FJG |
| TIME INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Defendant Time Insurance Company's Motion to Reconsider (Doc. No. 18, filed on March 7, 2009). Pursuant to Fed. R. Civ. P. 59(e), Defendant moves the Court to reconsider its Order (Doc. No. 16) granting Plaintiff's Motion to Remand. Plaintiff has filed suggestions in opposition to this motion. See Doc. No. 20.

In its Order granting Plaintiff's Motion to Remand (Doc. No. 16), this Court found that it lacked subject matter jurisdiction over this action. Shortly after the Order was entered (and prior to defendant's filing of the motion for reconsideration), a certified copy of the Court's remand order was sent to the state court, where the case currently remains pending. See Notations to Doc. No. 16 on ECF, indicating a certified copy of the Order was sent via certified mail on March 25, 2009. Therefore, the Court finds it no longer has jurisdiction over this matter, and has no authority to consider Defendant's Motion to Reconsider. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 . . . shall be reviewable . . ."); Shapiro v. Logistec USA, Inc., 412 F.3d 309, 311-12 (2d Cir. 2005)(finding that the "or otherwise" language in section 1447(d) precludes reconsideration by the district court); In re Lowe, 102 F.3d 731, 736 (4th Cir. 1996) (finding that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered, and from that point on cannot reconsider its ruling); Brierly v. Alusuisse Flexible Packaging, Inc.,

184 F.3d 527, 531 (6th Cir. 1999); Seedman v. United States Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988)(per curiam); In re Loudermilch, 158 F.3d 1143, 1146 (11th Cir. 1998); New Century Health Quality Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc., No. 05-0555-CV-W-SOW, 2005 WL 2319845, *1-2 (W.D. Mo. Sep. 20, 2005)(finding that, even where the certified copy of the Court's remand order had not yet been sent to the state court, the Court no longer had jurisdiction to reconsider its remand order).[1]

Accordingly, defendant's Motion for Reconsideration (Doc. No. 18) is **DENIED.**

**IT IS SO ORDERED.**

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   04/28/09
Kansas City, Missouri

---

[1] Even if this Court had jurisdiction to reconsider its Order on the motion to remand, the Court finds that reconsideration is not warranted.